Mitchell A. ABOUSSIE, Plaintiff-Appellant,

v.

Tanal A. ABOUSSIE and Camal A. Aboussie, Defendants-Appellees.

No. 29616.

United States Court of Appeals, Fifth Circuit.

June 24, 1971.

Rehearing Denied Aug. 10, 1971.

Lonny D. Morrison, Robert K. Pace, Jack Banner, Wichita Falls, Tex., Sherrill, Pace & Rogers, Wichita Falls, Tex., of counsel, for plaintiff-appellant, Mitchell A. Aboussie.

Milton Zacharias, Wichita, Kan., Clyde Fillmore, Wichita Falls, Tex., Fillmore, Lambert, Farabee & Purtle, Wichita Falls, Tex., of counsel, for defendants-appellees.

Before COLEMAN, AINSWORTH and GODBOLD, Circuit Judges.

ON PETITION FOR REHEARING

GODBOLD, Circuit Judge:

In their petition for rehearing the defendants point out an error in our opinion which requires us to make a different disposition of the contract claim. We stated that the court erroneously granted a judgment n/o/v for the defendants, and we held that the plaintiff was entitled to entry of judgment on the jury verdict. In fact, the court granted defendants' motion for judgment on the verdict.[1]

Our opinion pointed out the problem of discerning what the trial court meant by its statement accompanying the foregoing rulings: "the court finds that, as

---

1. While at the same time denying plaintiff's and defendants' motions for judgment n/o/v and plaintiff's motion for judgment on the merits.

a matter of law, no consideration existed for the agreement mentioned in Special Issue No. 5." We are unable to exclude the possibility that the statement was a ruling, and, if so, an incorrect one, that as a matter of law there had to be consideration for the agreement independent of the plaintiff's written undertaking to sell his stock.

The judgment entered on the verdict for defendants on the contract claim must be reversed. Our holding in the prior opinion that, as to that claim, the plaintiff is entitled to entry of judgment on the jury verdict must be withdrawn.

Rehearing granted. Reversed and remanded for new trial on both claims.